KIOWIATKOWSKI *v.* DULUTH-SUPERIOR DREDGING CO.

1. TRIAL—LICENSE—INSTRUCTIONS—APPEAL AND ERROR.

In an action of trespass for damage to plaintiff's land by depositing thereon material taken out of the river by defendant, a dredging company, the court below was not in error in refusing requested instructions as to a claimed license given to defendant's principal, where the substance of the request was covered by the charge of the court as given.

2. SAME—LICENSE, ASSIGNMENT OF—ISSUES—INSTRUCTIONS.

Nor was there any error in refusing a request to charge that said license was transferable, where no issue was raised as to whether the claimed license was assignable, and the court charged that if defendant was acting under the license no recovery could be had.

3. SAME—CONSIDERATION—INSTRUCTIONS.

Where the court instructed the jury that the claimed parol license, if made and acted upon, would be good, regardless of whether there was or was not a valuable consideration, it was not error to refuse a request to charge that if the construction of the roadway would be of present or future benefit to the land there was a good consideration for the permission.

4. Same—Appeal and Error—License—Revocation—Issues—In-
   structions.

   Where no claim was made by plaintiff that the license was
   revoked, but instead he insisted that he never gave any
   license, an instruction that a parol license was revocable
   at the pleasure of the licensor, while objectionable be-
   cause it injected a question about which there was no is-
   sue, did not amount to reversible error.

5. Same—Estoppel in pais—Instructions.

   Where there was testimony supporting defendant's conten-
   tion that plaintiff was on the ground every day while the
   forms were being constructed on his land to hold the
   dredged materials in place, that he gave some assistance
   in that work, and that he entered no protest while the
   dredging was being done, it was error for the court below
   to refuse to submit to the jury the question as to whether
   plaintiff was equitably estopped from afterward asserting
   a claim for damages for trespass.

6. Same—Pleading—Evidence—Issues—Inconsistent   Claims—
   Variance—Instructions.

   Where plaintiff's declaration, supported by evidence, was
   upon the theory of a trespass, that defendant had no right
   to do the act, an instruction by the court allowing re-
   covery upon the theory that defendant had the right to
   do the act but that it was done in a negligent manner, was
   inconsistent, and amounted to reversible error.

Error to Saginaw; Gage, J. Submitted October 16,
1917. (Docket No. 161.) Decided June 3, 1918.

Case by Wocisch G. Kiowiatkowski against the
Duluth-Superior Dredging Company for damages
caused by the deposit of water, sand, etc., upon his
land. Judgment for plaintiff. Defendant brings error.
Reversed.

*Weadock & Weadock,* for appellant.

*Raymond R. Kendrick,* for appellee.

BIRD, J. The plaintiff owns and controls about 110
acres of agricultural lands in Buena Vista township in

Saginaw county, a portion of which lies along the east bank of the Saginaw river. Defendant is a dredging company which, in 1913, was a subcontractor in a certain government contract, which had for its purpose the dredging and deepening of Saginaw river between Saginaw and Bay City. It is the claim of plaintiff that defendant dredged the river adjacent to his premises and deposited thereon, without permission, a large quantity of water, silt, sand, gravel, and soil, thereby injuring his crops, closing ditches and drains which discharged their waters into the river, and depriving him of the use of a wide strip of pasture. To recover compensation for these injuries plaintiff began this suit.

Defendant met this demand by the claim that before making the deposit on plaintiff's land his permission to do so was secured by Mr. Linton, who, acting as trustee for the board of trade of the city of Saginaw, undertook to, and did, secure the consent of the landowners, including plaintiff, on the east side of the river, to make the deposit on their lands for the purpose of later building a boulevard or river drive on the elevation between Saginaw and Bay City. The questions of fact were submitted to the jury and they found for the plaintiff, and assessed his damages in the sum of $1,250. Defendant assigns a large number of errors which are all aimed at the instructions given to the jury by the trial court and its refusal to give certain proffered instructions.

1. Defendant complains because the trial court refused the following requests:

"IV. I charge you as a matter of law that if from the evidence you find that the plaintiff for himself and for himself and wife, gave to William S. Linton, as trustee, for the board of trade, right, permission, license and authority to deposit the material dredged from the Saginaw river in deepening the river, upon the land described in plaintiff's declaration, for the

purpose of building the boulevard between the cities of Saginaw and Bay City, that such right, license, permission and authority would extend to and cover all of the acts done by William S. Linton, as trustee, and all contractors, agents and servants working under him, and the said defendant, its agents, servants and employees, in the work of delivering said dredged material upon said land for the purpose of constructing said boulevard plaintiff cannot recover.

"IV-*a*. If from the evidence in this case you find that the plaintiff gave consent to construct the roadway and deposit the dredged material described in plaintiff's declaration, such consent, authority and permission would not be personal or based on personal confidence, and would be transferable, and all parties, including the defendant acting under it, would have the benefit of it, and would not be liable for doing any act covered thereby.

"V. If you find that plaintiff had reason to believe or did believe that the construction of the roadway across the river side of this land would be of present or future benefit to the land or any part of it, the construction thereof was a good consideration to him for permission and authority from him to Linton, as trustee, his agents or employees, to deposit the material and in so doing they were acting in plaintiff's interest and would not be liable for any incidental or ordinary damages resulting from or involved in the execution of the plan or in the usual method and conduct of such work done upon plaintiff's land."

The cardinal issue on the trial was whether plaintiff had given Mr. Linton a parol license to deposit on his land the materials dredged from the river. Mr. Linton testified that such permission was given. Plaintiff denied that he ever gave Mr. Linton, or any one else, such permission. These requests, in so far as they were material to the issue, appear to have been given.

IV. This request appears to have been covered in substance by the following instruction of the court:

"I further charge you that the acts of the defendant in entering upon the land of the plaintiff, and the

deposit by said defendant of mud, sand and water thereon, constitute a trespass upon the land of the plaintiff, and if you shall find that said acts were committed without a license or authority from the said plaintiff to the defendant, the Duluth-Superior Dredging Company, to do that act; that is, when I say the Duluth-Superior Dredging Company, if they have established that Mr. Linton, under the evidence in this case—I instruct you that if Mr. Linton had the license that he claims he had with reference to this matter, then, of course, they would be acting, I instruct you, for him, and within that license. Then and in such case, your verdict should be for the defendant."

And, in other portions of the charge the court instructed the jury that if defendant were acting under the claimed license to Mr. Linton no recovery could be had.

IV-*a*. No issue was raised as to whether the claimed license was assignable. Defendant's claim was that it acted for Linton under the license granted to him by plaintiff, and the court charged that if defendant were acting under the license, no recovery could be had. So it does not appear important that the court refused to give this request.

V. We see no occasion for giving this request, inasmuch as the court instructed the jury that the parol license, if made and acted upon, would be good, regardless of the fact whether there was or was not a valuable consideration.

2. While instructing the jury the trial court took occasion to define what a parol license was and explained its legal effect, and among other things said:

"I instruct you that a license in respect to real estate is an authority to do a particular act, or a series of acts, upon the land of another, without possessing any estate therein, that is, any title to the property. And that a license is not assignable and is available only in favor of the person to whom it is granted, and that a license is a personal privilege revocable at the pleas-

ure of the licensor. * * * A license is a matter entirely revocable in the discretion of the man who gives it. When he revokes it that ends the right of the other party."

It is said to be error because it injected into the case a question about which there was no issue. Counsel are quite right with respect to this. Plaintiff made no contention that he revoked a license theretofore granted, but instead insisted that he never gave any license. While there seems to have been no necessity for this part of the charge, we do not think it was harmful to the extent of being reversible error.

3. Complaint is made because the trial court refused to give the following request:

"An equitable estoppel may arise where one person has induced another to act upon the supposition that a certain state of facts exists which does not exist in fact, or has pursued a course of conduct in respect to his own property or rights which has led another into expenditures which are to be lost, or into action which is to prove detrimental, if the party so misleading is allowed afterwards to assert rights inconsistent with such previous course of conduct."

It was the contention of defendant at the trial, and the testimony tended to support it, that Mr. Linton, as trustee for the Saginaw board of trade, attempted to secure from plaintiff the right of way across his land for the boulevard; that plaintiff refused to sell but suggested a trade or exchange might be made for other land in the vicinity; that plaintiff did, however, give Mr. Linton permission to make the deposit on his land, and the inference from the testimony is that the question of trade or exchange would be taken up later. That plaintiff was there every day while the forms were being constructed on his land to hold the dredged materials in place, and that plaintiff gave some assistance in that work and that he entered no protest during the time, and neither did he object during the

seven days the dredging was being done.    Under these circumstances defendant claims that it had the right to take the judgment of the jury as to whether plaintiff acquiesced in the work while it was going forward, and that they should have been instructed that if he did so acquiesce he could not now be heard to say that defendant was guilty of a trespass.

It is nearly always difficult to say whether the doctrine of equitable estoppel should be applied to a given state of facts.    It appears to me, however, in the case under consideration that if the jury were impressed with the foregoing testimony they would be justified in finding that plaintiff so far acquiesced in the work as to preclude him from claiming that defendant was guilty of a trespass in making the deposit on his land. But it is urged that mere silence will not preclude him. This undoubtedly is true, but, if defendant's testimony is to be believed, there was something more than mere silence.    The plaintiff not only refrained from making any objection but assisted in erecting some of the forms.    He admitted, upon cross-examination, that he saw the forms on the Tyler place immediately north of him, and saw the dredged materials go into them before the work was undertaken on his premises.    He made no protest then, nor did he protest while the operations were going on on his premises.    Not only by his silence but by his act did he give credence to the talk which defendant understood that he had had with Mr. Linton.    I am of the opinion that these facts call for the application of the doctrine of estoppel *in pais,* and this view is supported by the recent opinion of Mr. Justice KUHN, in *Morrison* v. *Power Co.,* 181 Mich. 624.    See, also, *Blake* v. *Cornwell,* 65 Mich. 467. The failure to give this request was prejudicial error.

4. The jury were further instructed that:

"A license to do an act will be no defense if the act

201—Mich.—17.

was negligently done so as to cause thereby injury to the plaintiff. That is to say, no matter what arrangements may have been made by Mr. Linton, if you should find that such an arrangement was made, and that the plaintiff here gave his consent to have that driveway put on that land, built up on that land, if the defendant in any way was careless or negligent, and in the manner of constructing, it resulted in damages to this plaintiff, then he has a right to recover for any such negligence and damage to his land for his crops."

The objection urged against this part of the charge is that it permitted a recovery upon a different theory from the one claimed in the declaration and testimony. While the action is one "on the case" the declaration is framed upon the theory of a trespass. The complaint therein is that the act was committed, not that the act was negligently done, and plaintiff's evidence was in accord with that theory. It would, therefore, be inconsistent to permit a recovery upon the theory that defendant had the right to do the act, but that it had been done in a negligent manner. Counsel's criticism to this part of the charge is well taken.

For the errors indicated the judgment must be reversed and a new trial granted, with costs to the defendant.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.