AAMCO AUTOMATIC TRANSMISSIONS, INC v MOTOR TRANS, INC

1. CONTRACTS—DEFENSES—DURESS—TRIAL—MOTION TO STRIKE—HARMLESS ERROR.

Failure of the trial court, in a contract action, to strike an affirmative defense of duress, even if error, was only harmless error where the defense of duress was never actually presented to the jury (GCR 1963, 529.1).

2. TRIAL—INSTRUCTIONS TO JURY.

It is improper for a court to instruct the jury on duress in a contract action, even though the instruction was requested, where duress was not an issue presented by the proofs.

3. CONTRACTS—CONSIDERATION—ESTOPPEL—INSTRUCTIONS TO JURY.

In a contract action where estoppel was neither argued nor pleaded but evidence was adduced at trial to support the issue, it was error for the trial judge to refuse to give an instruction on estoppel, because so long as a plaintiff was requesting an instruction on an issue that was presented by the proofs, the court should have instructed on it; however, the error was harmless where the judge submitted the case to the jury solely on the issue of consideration and stated the plaintiff's many theories of consideration in his instructions, and the jury found no consideration, because the jury in its determination must have found that acts by plaintiff could not constitute the necessary acts of reliance which estoppel requires and the jury's determination that plaintiff had done nothing for a check on which payment was stopped by defendant was determinative of plaintiff's estoppel theory also.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 October 5, 1972, at Detroit. (Docket No. 12784.) Decided March 27, 1973. Leave to appeal denied, 389 Mich 817.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 222.
[3] 53 Am Jur, Trial § 668.

Complaint by AAMCO Automatic Transmissions, Inc., against Motor Trans, Inc., and John E. Deacon for money owed under a contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Levin, Levin, Garvett & Dill* (by *David A. Goldman* and *Daniel J. Hoekenga),* for plaintiff.

*Sullivan, Sullivan, Ranger & Ward,* for defendants.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

LESINSKI, C. J. The plaintiff, AAMCO Automatic Transmissions, Inc., sued defendants, Motor Trans, Inc., and John E. Deacon, jointly and severally, on a contract theory for $3,600 allegedly owed plaintiff by defendants. The defense alleged there was no agreement and no consideration for a contract. The jury found no cause of action. Plaintiff appeals denial of its motions for a judgment notwithstanding the verdict and for a new trial. Plaintiff appeals as of right.

Defendant Deacon, sole owner and operator of Motor Trans, Inc., was the owner of an AAMCO franchise on Gratiot Avenue in Detroit. On January 22, 1969, he sold this franchise to Luther Smith. AAMCO had demanded $3,600 before it would allow the transfer of this franchise. Deacon gave an uncertified check to Mr. Romantino, agent of AAMCO. After obtaining the necessary releases, Deacon stopped payment on the check. AAMCO sued for the $3,600.

Deacon called Jerry Marcus, AAMCO franchise sales director, approximately six months before the sale and requested information concerning AAMCO's procedure for selling a franchise. A

blank listing agreement was sent to Deacon as a result of this conversation. Deacon testified that he did not tell anyone at AAMCO that he wanted to sell his franchise, but only requested information regarding a possible sale. Marcus testified, in his deposition, that Deacon had told him that he wanted to sell the franchise. It is, however, admitted by both sides that Deacon refused to sign a listing agreement with AAMCO which would have required him to pay a 6% commission to AAMCO for selling the franchise.

In December of 1968 an independent real estate agent, Mr. Capitani, approached Deacon regarding a possible sale of his business. Capitani had been employed by Luther Smith to find a suitable site for a new AAMCO franchise, which Smith was to open. Smith was already the owner of an AAMCO franchise, for which he had paid $7,500; he was looking for a site. On January 1, 1969, Deacon and Smith reached agreement on a sales price of $60,-000 and signed a preliminary agreement for the sale of Deacon's franchise to Smith. Marcus indicated that this would be acceptable to AAMCO so long as Deacon paid AAMCO 6% of the sales price.

There is considerable disagreement as to why this 6% ($3,600) was to be paid. Deacon testified that Marcus said it was a sales commission. Mr. Miller, Smith's attorney, testified that he didn't really know what the 6% was for. Marcus testified that he had informed Deacon's attorney that the 6% was for allowing Smith to purchase Deacon's franchise and for cancelling Smith's original franchise agreement in which he had agreed to open a new franchise. Also Marcus testified that the 6% was for services performed in connection with the sale—advertising, arranging financing for Smith, and showing sales figures to Smith. Deacon ques-

tioned whether there was ever any advertising done by AAMCO to aid in the sale of this business. Smith testified that he had arranged his own financing.

AAMCO sent an amendment, to the contract between Deacon and Smith, to Deacon in which he was to agree to pay "a commission of six (6%) percent of the total selling price herein for their services in connection with the sale". Deacon refused to sign this amendment. In a letter dated January 13, 1969, one week before the sale, Marcus claimed that the $3,600 was to compensate AAMCO for the loss of profits due to losing Smith's proposed new franchise and for the expenses incurred in finding and training Smith and attempting to find him a location. At trial plaintiff contended that the return of $3,900 to Smith, a part of his original franchise deposit, formed the consideration for this check from the defendant.

Smith testified that Romantini, an agent of AAMCO, told him that the 6% would not be collected—a fact that Smith communicated to Deacon. Deacon testified that he went to the closing unsure of whether the money would be collected at all.

Deacon contended at trial that he never agreed to pay the $3,600. He contended that AAMCO was merely trying to coerce this money from him by virtue of its position and power to prevent the transfer of the business—contrary to their franchise contract which required AAMCO to allow a transfer to a person with set qualifications (all of which Smith met, since he was already a holder of a franchise) for a fee of $500. Further, Deacon contended that the plaintiff had given no consideration for this $3,600.

Plaintiff raises several issues on appeal; the

following are the only issues of merit. First, plaintiff contends that the trial court erred in not directing a verdict for plaintiff after the close of defendant's proofs and in not granting a judgment notwithstanding the verdict. Plaintiff contends that there was no material issue of fact for the jury to determine. As the trial court properly pointed out, there was a question of whether plaintiff had given any consideration for this $3,600 check. Also defendants contended there had been no agreement and consequently no contract. There were material questions of fact which the trial court properly submitted to the jury.

Plaintiff contends that the trial court erred in not striking the defendant's affirmative defense of duress. Even if the court should have granted the request to strike, this would not be reversible error in view of the fact that the defense of duress was never actually presented to the jury. This was harmless error. GCR 1963, 529.1.

Plaintiff also contends that the trial judge erred in failing to grant plaintiff's motion for a new trial. Among the grounds alleged as necessitating a new trial were that the judge refused instructions on duress and estoppel, which were properly requested by the plaintiff. A motion for a new trial is addressed to the discretion of the trial judge. We find no abuse of discretion in this case.

Plaintiff contends the trial judge erred in not giving its properly requested instruction on duress. A trial court must give a requested instruction which is a proper statement of the law and which is warranted by the evidence. Duress was not an issue presented by the proofs; it would have been improper for the court to instruct on it. *Kiowiatkowski v Duluth-Superior Dredging Co,* 201 Mich 251 (1918).

It is true that the defendant raised the issue as an affirmative defense in his pleadings and that some evidence came out as to possible coercion at trial, but the issue was never presented to the jury as a possible legal defense to a contract. The only evidence of coercion was defendant's statement as to the reason plaintiff wanted this money. Deacon stated at trial:

"Mr. Marcus told me I was to put a 6% commission into the selling price for AAMCO, and this I strenuously objected to. I said that they had done nothing at all to bring me as such the buyer of my business. They played no part in the transaction whatsoever, and his remark to me was, 'You do desire to sell your business, yes? And you would like us not to prevent you from selling it?' I said, 'No,' and he said, 'Then if you want to sell your business,' well, he made a remark to me. He said, 'You are a businessman and we are business people, and I think we have got to understand each other's situation. If you want to sell your business, you just put a 6% commission there for AAMCO irrespective of what we have done.' "

This statement would be admissible to explain why defendant had given the check at all in the absence of an agreement and in the absence of consideration—without any reference to duress. The defense attorney referred, in his opening statement and summation, to AAMCO's holding a "hammer" over defendant's head. This was to explain why plaintiff could demand this $3,600 from the defendant. The entire defense stressed a lack of consideration. The judge and attorneys never defined duress or explained to the jury that it would make a contract voidable.

This case went to the jury on the issue of consideration alone. The judge summarized the defense position as follows:

"On the other hand, the defendant says that the plaintiffs did absolutely nothing for them, that there was a complete failure of consideration, and that they owe the plaintiffs nothing."

The court characterized the issue as solely one of consideration. It said in its instructions:

"Now unless these essential elements are so established, the plaintiff cannot recover in this action. That means then if having deliberated in this matter, that you have two possible verdicts. If you find the plaintiff has proved that it gave valuable consideration for this check, then your verdict would be for the $3,600 in favor of the plaintiff.

"If you find that the plaintiff failed to give consideration for the amount claimed to be due, then the verdict would be no cause of action in favor of the defendant."

Finally, plaintiff contends that the trial court abused its discretion in not granting a new trial based on the fact that it had refused an instruction on estoppel. The court refused the instruction on the grounds that estoppel was neither argued at trial nor pleaded by plaintiff. The fact that estoppel was not argued at trial is irrelevant so long as there was evidence adduced at trial to support the instruction. Plaintiff's pleadings do not specifically mention "estoppel" nor do they present any of the facts on which the estoppel cause of action is based. However, these facts all pertain to the same transaction on the same day at the same place and time as the original cause of action, for the collection of the amount of the check. Any diligent defense attorney would have discovered such facts while investigating the original cause of action and therefore avoided surprise. Indeed defendant here expressed no surprise. He also did not object to the introduction of such evidence. Therefore it would not have been error to allow

amendment of the pleadings to include an estoppel cause of action; nor would it have been error to allow such evidence to be introduced, even if defendant had objected. *Simonson v Michigan Life Insurance Co,* 37 Mich App 79 (1971).

There was evidence adduced at trial on the issue of estoppel. The plaintiff's theory was that it changed position in reliance on the check given by the defendant. It released both defendant and Smith from franchise obligations and returned to Smith a total of $3,900 from his $7,500 franchise deposit. Therefore an equitable estoppel arose against defendant which would prevent his denying any liability here. It was error to refuse the instruction on estoppel. So long as the plaintiff was requesting an instruction on an issue that was presented by the proofs, the court should have instructed on it. *People v Dawson,* 32 Mich App 336 (1971).

In this case the error, however, was harmless because of the issue decided by the jury. The judge submitted the case to the jury solely on the issue of consideration, and the jury returned a verdict of no cause of action. The judge stated the plaintiff's many theories of consideration in his instructions.

"Now in this cause it is the theory of the plaintiff corporation that pursuant to negotiations had between it and the defendant, a check was issued, dated January 21, 1969, in the amount of $3,600, issued by the defendants to the plaintiff, and that the transaction, the franchising of Mr. Luther Smith took place on January 22, and it is the theory of the plaintiff that in consideration for the $3,600 check that was issued, that they granted a franchise to Mr. Smith, that they paid out to Mr. Smith, as of the day the negotiations were had, the sum of $2,500, and subsequently an additional $1,400; that they waived their $500 transfer fee, that they lost

the income from not establishing a new franchise, and that they advertised for this franchise."

Yet the jury found no consideration here. Its determination of this fact issue against plaintiff precludes recovery on an estoppel theory also. This is so because in order for the jury to hold that the $3,900 and the release of Smith were not consideration for the defendant's check, it must have found that the two transactions were separate. If the two transactions were separate, then these acts by plaintiff could not constitute the necessary acts of reliance which estoppel requires. The jury determined that the plaintiff did not rely on the defendant's check as a basis for its actions. And if the release of the defendant from his franchise agreement and permission to transfer the franchise were not consideration for the $3,600 check, the jury must have felt that the plaintiff was obliged by its original contract with the defendant to grant this release for $500. The jury might well have believed the defendant that this check constituted a coercive sales commission for a sale in which plaintiff did nothing.

There can be no estoppel without some act of reliance by the plaintiff. If the acts of the plaintiff did not constitute consideration for the $3,600 check, these same acts also would not constitute acts of reliance in this situation. The jury's determination that the plaintiff had done nothing for this check is determinative of plaintiff's estoppel theory also. There was no prejudice to plaintiff by the refusal to instruct on estoppel. This is not grounds for reversal. GCR 1963, 529.1.

We do not favor the type of deceit practiced here by the defendant in stopping payment on his check. There was, however, in this case, much conflicting testimony on who was attempting to

exploit whom. These questions are best left to the jury. The verdict is not against the great weight of the evidence.

Affirmed. Costs to defendants.

All concurred.