## HAJI v PREVENTION INSURANCE AGENCY, INC

Docket No. 121576. Submitted April 9, 1992, at Detroit. Decided July 8, 1992; approved for publication September 17, 1992, at 9:10 A.M.

Nahel Haji brought an action in the Wayne Circuit Court against Prevention Insurance Agency, Inc., and its agent, Richard Sorisho, seeking damages resulting from the defendants' failure to procure workers' compensation insurance coverage requested by the plaintiff and to so notify the plaintiff. The plaintiff alleged breach of contract and negligence. The court, John A. Murphy, J., on the day set for trial, sua sponte, reopened the defendants' motion for summary disposition, which had been denied a year earlier, raised new issues, and granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff stated a cause of action in tort by alleging loss resulting from the insurance agent's failure to procure the requested insurance coverage. The court erred in summarily rejecting any tort claim.

2. There was a genuine issue of material fact for the jury concerning whether there was any consideration for the alleged oral promise of the agent to procure the insurance. Therefore, entry of summary disposition was precluded.

3. The court, in deciding that the plaintiff's inaction negated reasonable reliance on the agent's promise to procure the insurance, made an improper finding of fact. Summary disposition was inappropriate because there was a material issue of fact for the jury with regard to the reasonableness of the plaintiff's reliance.

Reversed.

Corrigan, J., concurring, stated that the court committed procedural error in dismissing, on its own motion, on the date set for trial, the plaintiff's contract and negligence claims without prior notice to the plaintiff or a fair opportunity to be

REFERENCES

Am Jur 2d, Insurance §§ 139, 140; Trial § 797.

Liability of insurance broker or agent to insured for failure to procure insurance. 64 ALR3d 398.

heard. A court that fails to afford a plaintiff such notice and an opportunity to respond has no authority to grant summary disposition.

1. TORTS — INSURANCE — AGENT'S FAILURE TO PROCURE INSURANCE.

A cause of action in tort is stated by alleging loss resulting from an insurance agent's failure to procure insurance coverage requested by the plaintiff.

2. INSURANCE — AGENT'S PROMISE TO PROCURE INSURANCE — CONSIDERATION — JURY QUESTIONS.

In an action for damages resulting from the failure to procure insurance, whether there was consideration for an insurance agent's alleged promise to procure insurance coverage is for the jury to determine.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David L. Nelson* and *Patrick Burkett*), for the plaintiff.

*Kaufman & Payton* (by *Stephen R. Levine* and *Thomas L. Vitu*), for Richard Sorisho.

Before: WEAVER, P.J., and SULLIVAN and CORRIGAN, JJ.

PER CURIAM. Plaintiff, Nahel Haji, appeals as of right from a September 26, 1989, order of summary disposition entered by the Wayne Circuit Court in favor of defendants. Although the order recites that it was based on reopening defendants' motion for summary disposition under MCR 2.116(C)(10), the record shows that the court raised the issues sua sponte on grounds not raised either in the pleadings or in defendants' previously denied motion for summary disposition. We reverse.

Plaintiff claimed damages against both defendants for failing to procure workers' compensation insurance covering him and for failing to notify him of such failure. The single-count complaint included allegations of both breach of contract and negligence.

As president and majority shareholder of Sunshine Food Center, Inc., plaintiff had obtained through defendants workers' compensation insurance covering the company's employees. Plaintiff signed an application for exclusion exempting himself from coverage as an officer and shareholder. He alleged that after he was injured on the job in 1984, he asked defendant Sorisho, an employee and agent of the corporate defendant, to add him to the policy. He also alleged that Sorisho agreed and that plaintiff understood that an additional premium would be charged. Sorisho denied that there was an agreement. Neither he nor the insurance agency obtained coverage for plaintiff.

Almost a year later, plaintiff was injured while unloading stock at a market he owned as sole proprietor. He claimed that he was delivering stock from Sunshine Food Center, Inc., and was in the course of his duties for Sunshine, rather than for the sole proprietorship, at the time of his injury. Plaintiff alleged that he learned that he was not covered only upon denial of his claim for this injury.

On the day set for trial, the trial court suggested tying up some "loose ends," and invited argument regarding whether there had been consideration for the alleged oral contract between the parties. The court appears to have raised this issue spontaneously, because it does not appear in the pleadings and there was no motion pending before the court. Defendants had previously moved for summary disposition on other grounds, but want of consideration was not mentioned. The court referred to trial briefs, but no such briefs have been made part of the record on appeal. After hearing comments of counsel on that issue and others raised by the court, the court ruled that (1) this case sounded in contract, not in negligence, (2) the

only possible consideration for an oral contract on the facts as stated by the parties was plaintiff's claimed detrimental reliance on representations made by defendant Sorisho, and (3) no reasonable juror could find reasonable reliance because of plaintiff's failure to inquire into the status of his request for coverage or to question the failure to bill an additional premium. The procedure followed in this case was, at best, questionable. We do not address the procedural irregularities, however, because each of the court's conclusions on the merits was erroneous, and we reverse on that ground.

Plaintiff stated a cause of action in tort by alleging loss resulting from the insurance agent's failure to procure insurance coverage requested by plaintiff.[1] See *Khalaf v Bankers & Shippers Ins Co*, 404 Mich 134, 142-143; 273 NW2d 811 (1978); *Century Boat Co v Midland Ins Co*, 604 F Supp 472, 482-483 (WD Mich, 1985), remanded without opinion 798 F2d 1413 (CA 6, 1986). See also 2 Restatement Agency, 2d, § 401, pp 237-241. The court, therefore, erred as a matter of law in rejecting summarily any tort claim.

There were genuine issues of material fact precluding entry of summary disposition under MCR 2.116(C)(10). The court found, apparently as a matter of law, that there was no consideration, other than plaintiff's reliance, for the agent's purported promise to procure additional insurance coverage. Plaintiff, however, contended that he agreed to pay an additional premium for the added coverage and that the premium was to generate additional commission to the agent. Whether there was consider-

---

[1] It appears that the request for insurance was made in plaintiff's corporate capacity and he has sued as an individual. Whether he, individually, is a third-party beneficiary to whom defendants owed a duty has not been addressed in the trial court, and we do not draw that distinction here.

ation for a promise is a question for the trier of fact. *AAMCO Automatic Transmissions, Inc v Motor Trans, Inc,* 45 Mich App 539, 543; 207 NW2d 156 (1973).

In ruling that plaintiff's inaction negated reasonable reliance on the agent's promise to procure insurance, the court improperly made a finding of fact in deciding this summary disposition motion. *Paul v U S Mutual Financial Corp,* 150 Mich App 773, 779; 389 NW2d 487 (1986). At oral argument, plaintiff contended that he understood that all premiums would be adjusted at the end of the policy year and that, after credits for overpayments, he then would have paid his additional premium in full. There was, therefore, a material issue of fact with regard to the reasonableness of plaintiff's reliance.

Reversed.

CORRIGAN, J. *(concurring).* I write separately to emphasize my concern about the procedural injustice manifest in this record. The circuit judge committed a procedural error of the most basic sort when it dismissed, on his own motion, on the date set for trial, plaintiff's contract and negligence claims without prior notice to plaintiff or a fair opportunity to be heard.

The judge had heard and denied defendants' motion for summary disposition nearly a year earlier. On the date set for trial, the trial judge unilaterally reopened consideration of summary disposition, introduced new legal theories, and then heard argument on two questions: whether plaintiff furnished consideration for the alleged oral contract and whether the defendants owed a duty to the plaintiff upon which a negligence claim could be based. Neither issue had been raised in defendants' earlier motion for summary disposi-

tion. After hearing argument on the subject, for which plaintiff had no fair opportunity to prepare, the court granted summary disposition to defendants on the basis of the court's newly identified theories.

The Michigan Court Rules, while providing thorough and specific procedures on motion practice, are silent on the trial court's authority to grant immediate summary disposition on the court's own motion regarding legal theories propounded by the court. No doubt the drafters of the rules never contemplated this unusual situation. The court rules do require that a hearing on an opponent's motion for summary disposition not take place until twenty-eight days after service. MCR 2.116(B)(2).

Such precipitate judicial decision making has occurred occasionally in the Sixth Circuit. See, e.g., *Beaty v United States,* 937 F2d 288 (CA 6, 1991); *Routman v Automatic Data Processing, Inc,* 873 F2d 970 (CA 6, 1989); *Kistner v Califano,* 579 F2d 1004 (CA 6, 1978). In *Routman,* the court held that a federal district court sua sponte may properly enter summary judgment where there is an absence of an issue of material fact and the movant is entitled to judgment as a matter of law. However, the party opposing summary judgment must be afforded notice and a reasonable opportunity to respond to all issues the court identifies. In *Routman,* p 971, the court sensibly recognized:

"Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify [a party's] opposition to the motion.' " [*Portland Retail Druggists Ass'n v Kaiser Foundation Health Plan,* 662 F2d 641, 645 (CA 9, 1981)]. [FR Civ P] 56(c) requires at a minimum that an adverse party be extended at least ten days notice

before summary judgment may be entered. Rule 56(c); *Beck v Borden, Inc,* 724 F2d 44 (CA 6, 1984); *Kistner v Califano,* 579 F2d 1004, 1005 (CA 6, 1978) (per curiam).

*Routman* concluded that a district court that fails to comply with the time provisions of Rule 56(c) has no power to grant summary judgment unless the opposing party waives the requirement and suffers no prejudice. Instead, when a district court contemplates entering summary judgment against a party on its own motion, the party is entitled to unequivocal notice of the court's intention. The failure to accord such notice is error requiring reversal. Litigants in Michigan courts should be afforded the same right and the same remedy.

I conclude that the trial court's behavior—its disposition sua sponte of issues never before contemplated—was unjustified, whatever the pressures of the court's busy docket. When any court contemplates sua sponte summary disposition against a party, that party is entitled to unequivocal notice of the court's intention and a fair chance to prepare a response. In my view, a court that fails to afford that constitutionally rooted courtesy has no authority to grant summary disposition.