766 N.W.2d 42 (2008)
PONTIAC FOOD CENTER
v.
DEPARTMENT OF COMMUNITY HEALTH.
Docket No. 277281.
Court of Appeals of Michigan.
Submitted August 5, 2008, at Detroit.
Decided October 16, 2008.
Approved for Publication February 3, 2009, at 9:20 a.m.
*43 Fried Porter, PLLC (by Louis J. Porter), Southfield, for the petitioner.
Michael A. Cox, Attorney General, B. Eric Restuccia, Solicitor General, and Santiago Rios, Assistant Attorney General, for the respondent.
Before: DAVIS, P.J., and WILDER and BORRELLO, JJ.
PER CURIAM.
Petitioner appeals by leave granted a circuit court order dismissing its appeal from a final decision of respondent's administrative tribunal, which affirmed respondent's termination of petitioner's contract. The circuit court did not address the issues on their merits and dismissed the matter for failure to file a timely appeal, and we granted leave to appeal. For the reasons set forth in this opinion, we affirm.
Respondent operates a federally-funded supplemental food program for women, infants, and children (WIC program), which was established as part of the Child Nutrition Act, 42 USC 1771 et seq., and subject to regulations in 7 CFR 246.1 et seq. The purpose of the WIC program is to provide "supplemental foods and nutrition education through any eligible local agency that applies for participation in the program" to certain women, infants, and children "at special risk with respect to their physical and mental health." 42 USC 1786(a). Petitioner contracted with respondent to serve as a vendor for the WIC program. The vendor contract provided petitioner with a right to administrative review of certain adverse decisions by respondent.
In January 2006, respondent notified petitioner that it was terminating its contract and disqualifying it from the WIC program for three years because a compliance investigation showed that petitioner had submitted three WIC coupons for payment that exceeded the purchase price *44 of the food purchased with the WIC coupons by a total of $8.29. Petitioner sought review of the decision by respondent's administrative tribunal. On June 27, 2006, after conducting an evidentiary hearing, an administrative hearing officer affirmed the termination and disqualification decisions. In August 2006, after the director of the administrative tribunal dismissed petitioner's motion for rehearing or reconsideration, petitioner filed an appeal in the circuit court. Petitioner moved for a stay, while respondent moved to dismiss the circuit court appeal on the ground that it was not timely filed. Respondent also argued that petitioner had not sought leave to file a delayed appeal, and then proceeded to argue that the requirements for granting a delayed appeal were not present. The circuit court granted respondent's motion to dismiss the appeal.
In this appeal, petitioner treats the substance of the circuit court's decision granting respondent's motion to dismiss as a decision on the merits of its petition for review, and argues that the circuit court erred by considering the merits before petitioner had the opportunity to file a brief addressing the merits of the petition.
Petitioner misconstrued the circuit court's ruling as a decision on the merits of the petition. The circuit court did not affirm the hearing officer's decision, but rather granted respondent's motion to dismiss for failure to timely appeal the decision, thereby depriving it of jurisdiction to consider the petition for review. We agree that the circuit court did comment on evidence that petitioner violated the vendor contract; however, that remark was preceded by the court's consideration of the argument raised in respondent's motion regarding whether a delayed appeal would be appropriate. The circuit court stated:
Defendant's [sic] reiterate the arguments made in their [sic] response [to the motion for stay] and add the following in their [sic] Motion to dismiss: Should the Court grant leave, the Court's standard of review is very limited; whether the prior decision was supported by competent, material, and substantial evidence on the whole record.
The Court Grants the Department of Community Health's Motion to Dismiss this matter. The Court acknowledges that the violation may have only been for $8.29, but it does violate the contract, and there is no evidence to the contrary. [Emphasis added.]
Examined in context, it is apparent that the circuit court considered the merits of the petition only for the purpose of evaluating whether it should entertain a delayed appeal. Because the record shows that the circuit court stayed within the scope of the matters raised in respondent's motion, petitioner's reliance on Judge (now Justice) CORRIGAN'S concurring opinion in Haji v. Prevention Ins. Agency, Inc., 196 Mich. App. 84, 492 N.W.2d 460 (1992), is misplaced. This case does not involve the circuit court's sua sponte consideration of unbriefed issues that were found to raise due process concerns in Haji. Therefore, even if we were to assume for purposes of review that petitioner established the requisite liberty or property interest in the vendor contract to invoke due process protections, appellate relief is not warranted because petitioner was not deprived of procedural due process. It is clear from the record that petitioner had notice of respondent's motion to dismiss and had a meaningful opportunity to be heard. Hinky Dinky Supermarket, Inc. v. Dep't of Community Health, 261 Mich.App. 604, 606, 683 N.W.2d 759 (2004).
Petitioner next argues that the circuit court erred by granting respondent's motion to dismiss. Petitioner argues that it *45 timely filed the petition for review in the circuit court.[1]
Our review of this jurisdictional issue is de novo. See Bass v. Combs, 238 Mich.App. 16, 23, 604 N.W.2d 727 (1999) (issues of subject-matter jurisdiction are reviewed de novo as questions of law), and Davis v. Dep't of Corrections, 251 Mich.App. 372, 376, 651 N.W.2d 486 (2002) (timely administrative appeal is a jurisdictional requirement). Issues involving the interpretation of statutes or court rules are also reviewed de novo as questions of law. Lapeer Co. Clerk v. Lapeer Circuit Judges, 465 Mich. 559, 566, 640 N.W.2d 567 (2002). The primary goal of statutory interpretation is to give effect to the Legislature's intent and, if statutory language is unambiguous, it is to be applied as written. See Casco Twp. v. Secretary of State, 472 Mich. 566, 571, 701 N.W.2d 102 (2005).
In general, three possible avenues of relief are available to a party seeking judicial review of an administrative agency's decision:
(1) review pursuant to a procedure specified in a statute applicable to the particular agency, (2) the method of review for contested cases under the Administrative Procedures Act (APA), MCL 24.201 et seq.; MSA 3.560(101) et seq., or (3) an appeal pursuant to § 631 of the Revised Judicature Act, MCL 600.631; MSA 27A.631, and Const. 1963, art. 6, § 28, in conjunction with MCR 7.104(A). [Hopkins v. Parole Bd., 237 Mich.App. 629, 637-638, 604 N.W.2d 686 (1999).]
Here, petitioner relies solely on the method for reviewing contested cases under the APA to argue that its appeal was timely. MCL 24.304(1) provides:
A petition shall be filed in the court within 60 days after the date of mailing notice of the final decision or order of the agency, or if a rehearing before the agency is timely requested, within 60 days after delivery or mailing notice of the decision or order thereon. The filing of the petition does not stay enforcement of the agency action but the agency may grant, or the court may order, a stay upon appropriate terms.
A "contested case" is defined as "a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203(3). The APA's provisions have been found applicable to a particular controversy that fits within the definition and is not specifically controlled by another statute or constitutional provision. Cooper Twp. v. State Tax Comm., 393 Mich. 58, 69, 222 N.W.2d 900 (1974).
It is arguable that the instant controversy falls within the definition of a "contested case" because federal law is involved. Under 7 CFR 246.3(c)(1), "[e]ach State agency desiring to administer the Program shall annually submit a State Plan and enter into a written agreement with the Department for administration of the Program in the jurisdiction of the State agency in accordance with the provisions of this part."[2] Under former 7 CFR 246.4(17), the State Plan must contain the administrative appeal procedures for food vendors.[3] The minimum administrative due *46 process that the state agency must provide to the food vendor is set forth in 7 CFR 246.18. East Food & Liquor, Inc. v. United States, 50 F.3d 1405, 1408 n. 2 (C.A.7, 1995). This regulation requires a full administrative review of adverse decisions to terminate a contract for cause or to disqualify a vendor. 7 CFR 246.18(a). At a minimum, the state agency must develop procedures to provide the vendor with written notice, an opportunity for an administrative appeal, and an opportunity for an evidentiary hearing, 7 CFR 246.18(b).
But because the procedures for administrative hearings are specifically controlled by an agreement between respondent and the Department of Agriculture that does not incorporate the APA, we conclude as a matter of law that the APA does not apply.[4]Cooper Twp, supra.
We find no merit to petitioner's claim that a "contested case," for purposes of applying the APA's time requirements for appeals, can be established by treating the controversy as one implementing its constitutional or contractual rights. With regard to the contract claim, the procedures for administrative appeals established pursuant to 7 CFR 246.18 were specifically incorporated into the vendor contract executed by petitioner and respondent. The vendor contract does not reference the APA, and we must refrain from reading into the contract a term that was not placed there by the parties. See Cottrill v. Michigan Hosp. Service, 359 Mich. 472, 476, 102 N.W.2d 179 (1960). With respect to petitioner's constitutional claim, we agree that the "contested case" definition in MCL 24.203(3) has been treated as encompassing both statutory and constitutional law. Bisco's, Inc. v. Liquor Control Comm., 395 Mich. 706, 720, 238 N.W.2d 166 (1976) (opinion of LEVIN, J.) But even where it is shown that the Due Process Clause applies, the question remains what process is due. Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Therefore, the material question is no different than that underlying petitioner's claim concerning federal law. As a matter of law, the APA does not apply, even if we assume that the Due Process Clause is implicated, because procedural matters are controlled by contract.
Accordingly, we conclude that petitioner was not entitled to the 60-day period for appeals prescribed in MCL 24.304(1). Because this is the sole basis of petitioner's claim that the appeal was timely, we uphold the circuit court's decision granting respondent's motion to dismiss. Because the dismissal was proper on jurisdictional grounds and the circuit court did not decide the merits of petitioner's appeal, we decline to consider petitioner's challenge to the merits of the decisions of the hearing officer and the director of the administrative tribunal.
Affirmed.
NOTES
[1] Petitioner does not argue that the circuit court should have allowed a delayed appeal.
[2] "Department" is defined in 7 CFR 246.2 as the United States Department of Agriculture.
[3] The regulation was amended, effective May 2, 2008. The amended regulation moved this requirement to 7 CFR 246.4(a)(18).
[4] We decline to consider petitioner's unpreserved argument in its reply brief that respondent should have promulgated rules under the APA relative to WIC vendors. A party may not raise a new or additional argument in a reply brief. Kinder Morgan Michigan, LLC v. City of Jackson, 277 Mich.App. 159, 174, 744 N.W.2d 184 (2007).