# STATE OF MICHIGAN

# COURT OF APPEALS

---

DOCK FARISH, KEBEH GIBSON, MILLIE
NICHOLS, and All Others Similarly Situated,

        Plaintiffs-Appellants,

v

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT,

        Defendant-Appellee,

and

TALENT INVESTMENT AGENCY,
UNEMPLOYMENT INSURANCE AGENCY,
DIRECTOR OF DEPARTMENT OF TALENT
AND ECONOMIC DEVELOPMENT,
DIRECTOR OF TALENT INVESTMENT
AGENCY, and ACTING DIRECTOR OF
UNEMPLOYMENT INSURANCE AGENCY,

        Defendants.

UNPUBLISHED
December 11, 2018

No. 341350
Court of Claims
LC No. 17-000035-MZ

---

Before: METER, P.J., and K. F. KELLY and GLEICHER, JJ.

PER CURIAM.

In this case involving the recoupment of unemployment-benefit overpayments and associated penalties and interest, plaintiffs appeal as of right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(8). Because the trial court did not address the applicability of administrative guidance concerning plaintiffs' claim that recoupment of penalties and interest violated 42 USC 503(g), we reverse the grant of summary disposition with respect to plaintiffs' claim under that statute and also reverse, in part, the grant of summary disposition concerning conversion. We remand this case for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiffs, Dock Farish, Kebeh Gibson, and Millie Nichols,[1] sued defendants in order to recover unemployment-insurance benefits that the Unemployment Insurance Agency (UIA) "unlawfully deducted from their entitlements." Each plaintiff had been determined eligible for benefits by the UIA, but had seen those benefits reduced for the recoupment of overpayments, interest, and penalties. Farish's and Nichols's unemployment benefits had been deducted at times in their entirety and Gibson's benefits had been reduced by an unknown percentage.

Plaintiffs alleged that these deductions violated MCL 421.62(a) of the Michigan Employment Security Act (MESA) MCL 421.1 *et seq*., which states, in part, that "[d]eduction from benefits or wages payable to the individual is limited to not more than 50% of each payment due the claimant." They also alleged violations of federal law, including 42 USC 503(g) of the Social Security Act and 42 USC 1983. Specifically, plaintiffs alleged that the UIA's deduction of benefits to recover not only overpayment, but also penalties and interest, was an unlawful expansion of 42 USC 503(g)(1), which authorizes state agencies to collect only overpayment of benefits. They also claimed that the UIA's procedures for recouping benefits did not provide adequate notice or an opportunity for a hearing in violation of both 42 USC 503 and 42 USC 1983. Additionally, plaintiffs claimed that defendants committed statutory conversion and common-law conversion by recouping the benefits, and they requested equitable relief in the form of a remittance of "unlawfully seized benefits" or the issuance of an injunction prohibiting defendants from seizing future benefits. In response, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(4), (7), and (8) based on lack of subject-matter jurisdiction, governmental immunity, and failure to state a claim on which relief could be granted. The Court of Claims granted defendants' motion pursuant to MCR 2.116(C)(8).

## II. STANDARD OF REVIEW

We review de novo the grant or denial of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. MCR 2.116(G)(5). [*Id*. at 119-120 (quotation marks and citations omitted).]

## III. ALLEGED VIOLATIONS OF STATE UNEMPLOYMENT LAW

Under the MESA, "[i]f the unemployment agency determines that an individual has obtained benefits to which the individual is not entitled, . . . the agency may recover a sum equal

---

[1] Although the action was filed as a class action, plaintiffs never received class certification.

to the amount received plus interest . . . ." MCL 421.62(a). It may do this through "deduction from benefits or wages payable to the individual[.]" *Id*. It may also, in some circumstances, collect administrative fines or penalties. MCL 421.54(b). Pursuant to MCL 421.62(a), the "[d]eduction from benefits or wages payable to the individual is limited to not more than 50% of each payment due the claimant."

Plaintiffs argue that defendants violated the statutory cap on benefit deduction in MCL 421.62(a) because the UIA reduced benefit payments by more than 50% of each payment to recoup overpayments, interests, and penalties. However, although there is a 50% cap in MCL 421.62(a), the next subsection provides that "[i]f the unemployment agency determines that a claimant has intentionally made a false statement or misrepresentation or has concealed material information to obtain benefits," the "[r]estitution resulting from the intentional false statement, misrepresentation, or concealment of material information is *not subject to the 50% limitation in subsection (a)*." MCL 421.62(b) (emphasis added).

The Court of Claims noted that, under MCL 421.54, the penalties imposed under the MESA are imposed for fraud, false statements, misrepresentations, or the failure to disclose material information. Further, the Court of Claims found that plaintiffs, "by pleading that they were subject to penalties, [had] pled the requisite facts that would permit the UIA to collect more than 50% of benefit payments under MCL 421.62(b)." Therefore, "accepting as true the allegations in plaintiffs' complaint," the Court of Claims concluded that "plaintiffs . . . failed to state a claim with regard to the 50% prohibition contained in MCL 421.62(a)." Plaintiffs argue that they alleged in their complaint only that "defendants unlawfully assessed them with fraudulent conduct penalties," which was insufficient to "serve as an admission that defendants properly imposed those penalties in the first place." However, a review of plaintiffs' complaint evidences that they did not allege that defendants unlawfully assessed penalties; instead, they factually stated that defendants were deducting monies from their benefits, in part, to recover penalties.[2] In considering defendants' MCR 2.116(C)(8) motion, the trial court was required to accept all well-pleaded factual allegations in plaintiffs' complaint as true. *Maiden*, 461 Mich at

---

[2] In other words, plaintiffs are not claiming that the penalties were not allowed to be imposed; they are claiming, instead, that the UIA was not allowed to deduct money from plaintiffs' checks to satisfy the penalties. Plaintiffs did not sufficiently plead in avoidance of MCL 421.62(b), even as they repeatedly admit that the UIA was deducting monies to recover, in part, penalties. Plaintiffs specifically state that at issue is the "*process* by which UIA seeks to recoup . . . penalties." (Emphasis added.) We note that, while "fraud" is *generally* considered an affirmative defense, here the issue of misrepresentation is directly tied in with plaintiffs' cause of action under the statute, because MCL 421.62 as a whole clearly provides that the UIA is allowed to deduct more than 50% of benefits if the circumstances are apt. Plaintiffs cannot show a violation of the 50% rule without even *pleading* that the UIA made an incorrect determination regarding the issue of penalties. The dissent concludes that such a determination must be undertaken in further proceedings, but plaintiffs themselves state in the complaint that "individualized determinations concerning the reasons for the benefit overpayment are not necessary to evaluate whether Defendants violated [the law]."

-3-

119. Accepting as true plaintiffs' allegation that they were being assessed penalties, the cap in MCL 421.62(a) did not apply to them; therefore, the trial court properly determined that plaintiffs failed to state a valid claim of a violation of MCL 421.62(a).

Further, whether the UIA lawfully assessed penalties is not a question that was properly before the Court of Claims. When the UIA determines that an overpayment has occurred, it "shall issue a determination requiring restitution . . . ." MCL 421.62(a). Determinations made by the UIA are challengeable pursuant to the administrative procedures outlined in MCL 421.32a. A claimant may protest the determination, and the UIA must review it and "issue a redetermination affirming, modifying, or reversing the prior determination . . . ." MCL 421.32a(1). The claimant may appeal an unfavorable redetermination to an administrative law judge (ALJ). MCL 421.33(1). If he or she disagrees with the ALJ's conclusion, the claimant may appeal that decision to the appellate commission and then to the circuit court. MCL 421.34(2); MCL 421.38. It appears that plaintiffs took no action in accordance with these provisions. Because they failed to exhaust administrative remedies, they may not collaterally attack the determination, including the penalty assessment. *Papas v Gaming Control Bd*, 257 Mich App 647, 656, 665; 669 NW2d 326 (2003) (holding that a court does not have jurisdiction over a claim if the party failed to exhaust administrative remedies).

## IV. ALLEGED VIOLATIONS OF FEDERAL LAW

Plaintiffs next argue that the trial court's dismissal of their claim that the UIA violated 42 USC 503(g) was contradictory to federal law. 42 USC 503 contains requirements for state laws governing unemployment-compensation administration. Specifically, 42 USC 503(g)(1) provides:

> *A State shall deduct from unemployment benefits otherwise payable to an individual an amount equal to any overpayment made to such individual under an unemployment benefit program* of the United States or of any other State, and not previously recovered. The amount so deducted shall be paid to the jurisdiction under whose program such overpayment was made. Any such deduction shall be made only in accordance with the same procedures relating to notice and opportunity for a hearing as apply to the recovery of overpayments of regular unemployment compensation paid by such State. [Emphasis added.]

The statute is silent regarding the recovery of penalties or interest.

Plaintiffs argue that by reducing benefits to recoup interest and penalties, the UIA violated the "explicit limitation" of 42 USC 503(g) that recovery of benefits can only be for an "amount equal to any overpayment." The trial court rejected this argument, concluding that it was an attempt to read into the statute a limitation not present in its plain language, and further concluding that simply because the statute provides for the deduction of overpayments does not foreclose the recovery of statutory penalties and interest. This was a reasonable conclusion. See *Haynes v Neshewat*, 477 Mich 29, 38; 729 NW2d 488 (2007) (holding that courts should "not read into [a] statute a limitation that is not there").

However, plaintiffs cite guidance provided by the United States Department of Labor (USDOL) that contradicts the trial court's finding. In an Unemployment Insurance Program Letter released on August 11, 1989,[3] state employment-security agencies were advised as follows:

> 5. **Specific Situations in which Deductions May or Must be made from Unemployment Compensation**. *A State law may (or must) include provision for deducting and withholding any sum from compensation payable to an individual only if specifically permitted (or required) by Federal law.* These exceptions are limited to the following circumstances:
>
> a. If the claimant is legally liable to repay an overpayment of compensation made from the State's unemployment fund, that amount owed may be deducted from compensation currently payable from such fund. This is permissible because the amount previously overpaid is tantamount to a prepayment of compensation currently due the claimant.
>
> \* \* \*
>
> *Deductions to recover overpayments are limited to the offset of the overpayment itself. Offset may not be used to recover additional interest or penalties due under State law as these additional amounts do not constitute a prepayment of compensation.* [USDOL Unemployment Insurance Program Letter No. 89-45 (emphasis added).]

In particular, plaintiffs point to the Unemployment Insurance Program Letter's explanation that withholding any sum from benefit compensation must be specifically permitted or required by federal law and that deductions must be limited to the offset of the overpayment only.

"[T]he construction given to a statute by those charged with the duty of executing it is always entitled to most respectful consideration and ought not to be overruled without cogent reasons." *Port Sheldon Beach Ass'n v Dep't of Environmental Quality*, 318 Mich App 300, 307; 896 NW2d 496 (2016) (quotation marks and citations omitted). "If a statute is silent or ambiguous regarding congressional intent, a court may look into an agency's regulations for guidance in interpreting congressional intent." *Walker v Johnson & Johnson Vision Prods, Inc*, 217 Mich App 705, 713; 552 NW2d 679 (1996). "The court should defer to a federal agency's construction of the statute unless the agency's interpretation is unreasonable." *Id*.

---

[3] The memo stated that its expiration date is August 31, 1990; however, it appears that the USDOL has determined that it remained in effect past then. See United States Department of Labor, *Active Unemployment Compensation Program Letters and Active Unemployment Insurance Program Letters as of July 28, 2016* <https://wdr.doleta.gov/directives/attach/TEN/TEN_07-16_Attachment_E_Acc.pdf> (accessed August 27, 2018).

The Court of Claims did not address whether the USDOL's interpretation applied in this case; nor did it determine that it was "unreasonable," *id*. at 713, or provide a "cogent reason[]" for overruling its interpretation, *Port Sheldon Beach Ass'n*, 318 Mich App at 307 (quotation marks and citations omitted). Accordingly, we reverse the trial court's order to the extent that it granted summary disposition to defendants with respect to plaintiffs' claim under 42 USC 503(g), and we remand to the trial court to reconsider this issue and to give the parties notice and a fair chance to prepare responses. See *Haji v Prevention Ins Agency, Inc*, 196 Mich App 84, 88-90; 492 NW2d 460 (1992) (CORRIGAN, J., concurring) (discussing, in general, the desirability of allowing parties to prepare a response). We note, however, that plaintiffs, in their reply to defendants' motion for summary disposition, explicitly abandoned their claims against the individual defendants; accordingly, only the agency defendants remain in play.

Plaintiffs also argue that they are entitled to notice and the opportunity for a hearing every time that the UIA deducts from their benefits any overpayments, interest, or penalties. As discussed above, there is already a mechanism in place under MESA that provides claimants the rights to notice and an opportunity to be heard. The Court of Claims concluded that this was sufficient, and we agree. Plaintiffs do not cite any persuasive authority that would compel a contrary result. For this reason, we affirm the dismissal of plaintiffs' due process claim under 42 USC 1983.

## V. CONVERSION

Plaintiffs next argue that defendants committed conversion. Conversion is "any distinct act of dominion wrongfully exerted over another person's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 351-352; 871 NW2d 136 (2015) (quotation marks and citations omitted). Statutory conversion is similar to common-law conversion, except that it includes a requirement that the defendant converted the property for his or her own use. MCL 600.2919a(1)(a); *Aroma Wines*, 497 Mich at 359 (to support a claim under MCL 600.2919a(1)(a), a plaintiff "must show that the defendant employed the converted property for some purpose personal to the defendant's interests"). Defendants argue that even assuming that the benefits are plaintiffs' personal property, the UIA's deduction of monies from those benefits to recoup previous overpayments, penalties, and interest is not inconsistent with their rights. They point to state unemployment law in which the Legislature expressly permitted the UIA to recover overpayments and enforce interest and penalties, which they argue establishes that plaintiffs do not have an "unfettered right" to the benefits.

Plaintiffs counter that 42 USC 503(a) states that they are "entitled to the full payment of unemployment compensation when due[.]" However, this provision does not state that claimants have an inalienable right to unemployment benefits, only that the state should administer benefits "when due[.]" 42 USC 503(a)(1). Further, it does not foreclose the recoupment of benefits wrongfully paid, and, under 42 USC 503(g)(1), "[a] State *shall* deduct from unemployment benefits . . . any overpayment made to . . . an individual . . . ." (Emphasis added.) Accordingly, defendants did not wrongfully exercise power over plaintiffs' benefits inconsistent with their rights with respect to the recoupment of overpayments.

Plaintiffs counter that if any other of their claims (e.g., the claim under 42 USC 503[g] concerning interest and penalties) remains viable, the conversion claims must also remain viable. We acknowledge that we are remanding for further findings regarding 42 USC 503(g) and the withholding of funds for interest and penalties. Nevertheless, the conversion claims do not, as argued by plaintiffs in their reply brief, remain viable as applied to the individual defendants. First, as noted, plaintiffs explicitly abandoned their claims against the individual defendants and thus should not have made appellate arguments concerning them. Second, any possible claim of conversion, an intentional tort, would be subject to governmental immunity as applied to the individual defendants.[4] Indeed, the acts of withholding were undertaken during the course of employment and the individuals were acting within the scope of their authority, there is no evidence that the acts were undertaken in bad faith, and the acts were discretionary. See *Odom v Wayne Co*, 482 Mich 459, 472-476, 480; 760 NW2d 217 (2008).

Plaintiffs cite statutory law and caselaw in support of their argument that the *agency* defendants were not entitled to governmental immunity with respect to the conversion claims. We direct the trial court to consider this argument, as necessary, in conjunction with the analysis of 42 USC 503(g) and the retention of monies for interest and penalties.

## VI. EQUITABLE RELIEF

Finally, plaintiffs allege that they are entitled to equitable relief. The Court of Claims held that plaintiffs asserted "a type of relief, not a stand-alone cause of action." We agree. The Michigan Supreme Court has explained that "[i]t is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Henry v Dow Chem Co*, 473 Mich 63, 96-97; 701 NW2d 684 (2005) (quotation marks and citation omitted). Plaintiffs did not adequately plead such a claim in their complaint, nor did they adequately defend an equitable cause of action in their appeal brief. Summary disposition of plaintiffs' equitable-relief claim was proper under MCR 2.116(C)(8).

We reverse the grant of summary disposition with respect to plaintiffs' claim regarding interest and penalties under 42 USC 503(g) and with respect to related conversion claims against the agency defendants, and we remand this case for further proceedings consistent with this opinion. In all other respects, the trial court's judgment is affirmed. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

---

[4] See *Burise v Pontiac*, 282 Mich App 646, 652 n 3; 766 NW2d 311 (2009) ("[w]hen a trial court reaches the right result for the wrong reason, the ruling will not be disturbed").