JACKHILL OIL COMPANY v POWELL PRODUCTION, INC

Docket No. 154203. Submitted October 18, 1994, at Lansing. Decided
April 21, 1995, at 10:10 A.M.

Jackhill Oil Company brought an action in the Hillsdale Circuit
Court against Powell Production, Inc., and others, alleging that
the defendants improperly confiscated its interest in an oil well
owned by the parties. The court, Harvey W. Moes, J., granted
summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not make findings of fact in deciding
the defendants' motion for summary disposition. The court
properly concluded that the plaintiff was not entitled to the
defendants' interests in the well, the related equipment, and
the leasehold under the terms of the parties' operating agree-
ment and correctly found that the plaintiff had not raised a
genuine issue of material fact regarding whether the well was
unprofitable or whether the defendants had breached the oper-
ating agreement. The court did not make factual findings when
it concluded that the defendants' use of a form entitled "Appli-
cation to Plug and Abandon" did not create a question of fact.
The defendants used the form to seek and obtain permission
from the Department of Natural Resources to redrill the well
to a different bottom site. No genuine issue of fact was created
by the fact that the application for permission to redrill the
well was made on the wrong form.

2. The trial court properly held that the operating agreement
required that the well must be both plugged and abandoned
before the agreement's language pertaining to the salvage of an
abandoned well becomes applicable. Here the evidence showed
that the original bottom hole of the well was plugged but that a
substantial portion of the well was preserved and used to drill
a new bottom hole.

3. The plaintiff failed to establish that the trial court was not
impartial and that its decision was the result of bias, prejudice,
or the dislike of the parties. The court's decision was based on
sound legal principles that were correct and applicable.

Affirmed.

*Parker & Adams, P.C.* (by *Ronald J. Parker*), for Jackhill Oil Company.

*J. Andrew Domagalski* and *Jeffrey D. VanLeuwen,* for Powell Production, Inc.

*Lynch, Gallagher, Lynch, Shirley & Martineau* (by *Steven W. Martineau*), for Marathon Oil Company.

*Richard N. LaFlamme,* for Northern Michigan Exploration Company.

Before: NEFF, P.J., and MARILYN KELLY and P. R. JOSLYN,* JJ.

MARILYN KELLY, J. Plaintiff, Jackhill Oil Company, appeals as of right from a grant of summary disposition in favor of defendants, Powell Production, Inc., Marathon Oil Company and Northern Michigan Exploration Company, under MCR 2.116(C)(10). Plaintiff asserts that the trial judge erroneously resolved genuine issues of material fact in the course of granting summary disposition. It also claims that the court's apparent dislike for some of the litigants caused it to exceed its authority and resolve factual issues in order to dispose of the case. We affirm.

I

The dispute involves the redrilling of Flick 7-16, a working oil well in Hillsdale County, owned jointly by the parties. The well was operated under a 1985 agreement signed by the parties. The agreement contained provisions regarding redrilling or reworking the well, and for its abandonment.

In 1990, the president of defendant Powell pro-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

posed redrilling the well to a different bottom hole, as the original well had become unprofitable. The procedures for redrilling and other modifications of the well were set forth in § VI.B. of the operating agreement. Powell also obtained the Department of Natural Resources' (DNR) approval, but filed the request with the Department on a form entitled "Application to Plug and Abandon."

Defendants Marathon and Northern Michigan agreed to participate in the proposed redrilling. However, plaintiff did not. It objected to what it characterized as "the plugging and abandonment of the Flick 7-16 Well."

Plaintiff further expressed the opinion that Powell's management of the well was governed by § VI.E.2 of the operating agreement. Under its terms, if the well was to be abandoned, any parties not in agreement to plug and abandon it were entitled to purchase the other parties' interests. When paid, the others were then required to assign all their interests in the well, related equipment and the leasehold estate to the objecting party. Plaintiff made the tender required under § VI.E.2.

Defendants disagreed with plaintiff's characterization of the original proposal, asserting that their actions were controlled by § VI.B., and refused the tender. They redrilled the well to a new bottom hole, which proved to be dry.

Plaintiff filed the present action, alleging that defendants improperly confiscated its interest in the well under the pretense that it had not consented to the redrilling. Plaintiff argued that it was entitled to acquire sole interest in the well according to the terms set forth in § VI.E.2.

Defendants moved for summary disposition, arguing that they never intended to abandon the well; their sole reason for redrilling it was that it

had operated at a loss for some time. They also contended that they had complied with the requirements of § VI.B. of the contract which, they argued, controlled the transaction. The trial court granted defendants' motions.

II

On appeal, plaintiff contends that the circuit court erroneously resolved genuine issues of material fact in the course of granting summary disposition. Plaintiff also contends that the trial court so disliked the parties involved in the litigation that it granted summary disposition primarily to remove the matter from its docket.

We review a motion for summary disposition pursuant to MCR 2.116(C)(10) de novo, using the same standard required of the trial court. We consider the factual support for the claim, giving the benefit of any reasonable doubt to the nonmoving party. We determine whether a record might be developed which might leave open an issue upon which reasonable minds could differ. *Coleman-Nichols v Tixon Corp,* 203 Mich App 645, 660; 513 NW2d 441 (1994). We are mindful that a trial court may not make findings of fact in deciding a motion for summary disposition. *Haji v Prevention Ins Agency, Inc,* 196 Mich App 84, 88; 492 NW2d 460 (1992).

Plaintiff contends that there existed a question of fact on whether the drilling procedure used by defendants revealed an intent to abandon the well. Plaintiff also contends that the DNR form used by defendants created a question of fact, because it is generally used by parties intending to plug and abandon a well. Defendants counter that their actions left no question on their intention to attempt to preserve the well and keep it operational.

Plaintiff also contends that there existed a question of fact on whether the well was profitable.

III

Having reviewed the evidence available to the court, we conclude that the trial judge did not make findings of fact in deciding defendants' summary disposition motion.

We find persuasive the reasoning of a recent, unpublished opinion of our Court. *Krol v Amoco Production Co,* unpublished opinion per curiam, decided March 5, 1992 (Docket No. 132336). In *Krol,* the plaintiffs alleged that the defendant had "plugged and abandoned" an oil well, entitling them to an assignment of the defendant's interest in the well under their contract. The language in the *Krol* agreement was similar to that found in § VI.E.2 of the operating agreement here. The defendant in *Krol* countered that, although it had plugged a portion of the well, the record showed undisputed efforts to preserve the well, not abandon it. In *Krol,* the defendant had engaged in a "sidetrack" operation, which involved creating an opening in the casing of the old well and drilling through to a new bottom hole. There, the Court concluded that a well must be both plugged and abandoned before operating agreement language pertaining to the salvage of an abandoned well becomes applicable.

Here, defendants embarked upon a similar sidetracking operation. They plugged the original bottom hole, but, as in *Krol,* preserved and continued to use a substantial portion of the upper well to drill to the new bottom hole. Since defendants here did not intend to plug and abandon the well, and it was in actuality plugged but not abandoned, § VI.E.2 of the contract was not applicable. The

court properly concluded that plaintiff was not entitled to defendants' interests in the well, the related equipment or the leasehold under § VI.E.2.

## IV

Furthermore, the trial court did not make factual determinations in concluding that the well was not profitable. It is uncontested that the well operated at a loss from January, 1989, through February, 1990. The only question raised by plaintiff was whether the profits earned in March and April, 1990, could justify a finding that the well was profitable.

The president of Powell first circulated his letter proposing to redrill on March 10, 1990. Most of the profits upon which plaintiff relied were earned after the 30 day deadline for responding to Powell's proposal. Moreover, the profits for March and April did not offset the well's general unprofitability. In order to redrill a well, the contract required that it be unprofitable. The circuit court correctly found that plaintiff had not raised a genuine issue of material fact as to whether the well was unprofitable or whether defendants had breached § VI.B.

We similarly find that the trial court did not make factual findings when it concluded that use of the particular DNR form did not create a question of fact. Defendants sought and obtained permission to redrill the well to a different bottom site. The DNR granted permission. No genuine issue of fact was created by the application having been made on the wrong form.

## V

Finally, plaintiff asserts that the judge disposed of the case on a summary disposition motion,

because he disliked the parties and did not wish to deal with them further.

We have reviewed the record. The judge summarized the animosity between the parties. However, we find his comments not to have been excessively critical or hostile. They would not lead one to believe that his decision was the result of bias, prejudice or dislike of the parties. His comments cannot establish actual prejudice as is required to disqualify a judge, nor do they merit reversal of his decision granting summary disposition. Plaintiff is unable to overcome the presumption of impartiality. *In re Forfeiture of $1,159,420,* 194 Mich App 134, 151; 486 NW2d 326 (1992); *Mourad v Automobile Club Ins Ass'n,* 186 Mich App 715, 731; 465 NW2d 395 (1991). The judge rendered his opinion on the basis of sound legal principles which we find to be entirely correct and applicable.

Affirmed.