*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEIDRE HARRIS,

      Plaintiff-Appellant,

v

SPOT REALTY, INC., doing business as
ADVANCE EQUITIES, LTD,

      Defendant-Appellee.

UNPUBLISHED
September 29, 2022

No. 357257
Wayne Circuit Court
LC No. 20-014397-CH

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Plaintiff owned real property that was secured by a mortgage loan. Defendant purchased the property at the sheriff's sale after plaintiff defaulted on the loan. One day before the redemption period expired, plaintiff sold defendant her interest in the property, her redemption rights, and her rights to any surplus from the sheriff's sale in exchange for an option to buy back the property. Three months after the redemption period expired, plaintiff exercised her right to buy back the property by entering into a land contract with defendant. But plaintiff defaulted on the land contract, so defendant initiated forfeiture proceedings. Plaintiff commenced this action seeking to void or reform the land contract.

We find that there are no genuine issues of material fact that: (1) the land contract is not usurious, (2) 15 USC 1639 is not applicable, and (3) there were no violations of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*. And any request for declaratory relief is moot. Accordingly, we affirm the trial court's order granting defendant's motion for summary disposition.[1]

---

[1] Plaintiff's complaint also included claims for duress and equitable mortgage/constructive trust. But in response to defendant's motion for summary disposition, plaintiff stated that she was "willing to stipulate to dismissing" those two claims, and she did not raise any arguments opposing

-1-

## I. BACKGROUND

Plaintiff owned real property in Grosse Pointe Woods, Michigan. Plaintiff granted a mortgage on the property to Fifth Third Bank, but she defaulted on the mortgage loan. Defendant purchased the property at the sheriff's sale for $150,978.08. The amount owed on the loan at the time of the sheriff's sale was $107,978.08, which resulted in a $43,000 surplus.

One day before the expiration of the six-month redemption period, plaintiff executed an "Affidavit of Non-Redemption" (AONR), which stated, in pertinent part:

> Property sold at Sheriff's sale on December 20th, 2018 in Wayne County where the original mortgagor Deidre D Harris has a 6-month redemption period. I hereby understand that I would have had a 6-month redemption period but wish to sell my interest in the real property along with my redemption rights and rights to Surplus (overbid of $43,000.00) to Advance Equities, Ltd for the following:

> The option to buy back the property for the sum of $150,978.00 (This sum does not include the overbid) either by 1) obtaining a mortgage for said sum or 2) in the event Deidre D Harris (and relatives) are unable to obtain a mortgage, a land contract for the sum of [$]150,978.00 at 7% interest with monthly payments based on a 30 year amortization schedule with the balance of the contract due and payable within 1 year from date of land contract.

Three months after the expiration of the redemption period, plaintiff exercised her option to buy back the property by entering into a land contract with defendant. The land contract provided that defendant would sell the property to plaintiff for $150,978.00,

> of which the sum of No Dollars And No/100 Dollars ($0.00) has been paid to [defendant], and the additional sum of . . . ($150,978.00) is to be paid to [defendant], with interest on any the unpaid balance at an annual rate of Seven percent (7.000%% [sic]). The additional principal and interest is to be paid in monthly installments of One Thousand Four And 46/100 Dollars ($1,004.46) beginning on the 12th day of September, 2019; such payments to be applied first upon interest and the balance on principal. All of the principal and interest shall be fully paid within 1 years [sic] from the date of this contract.

Plaintiff failed to pay defendant in accordance with the terms of the land contract. Defendant sent plaintiff a forfeiture notice and then filed a complaint for land contract forfeiture in the district court. In response, plaintiff filed this action in circuit court, requesting that the trial court void the land contract and create an equitable mortgage in favor of defendant for $110,000 at 7% interest for 30 years. The circuit court granted plaintiff's request to stay the district court

---

dismissal of those claims. To the extent that plaintiff argues on appeal that the claims of duress and equitable mortgage/constructive trust should not have been dismissed, she is prohibited from taking a contrary position on appeal than she took in the trial court. *Flint City Council v Michigan*, 253 Mich App 378, 395; 655 NW2d 604 (2002).

proceedings. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10), which the trial court granted. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *Id*. (emphasis in original). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). We consider all evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

The interpretation of a contract is a question of law that this Court reviews de novo. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004).

## III. USURY

Plaintiff argues that there is a question of fact whether the land contract violates Michigan's usury act, MCL 438.31 *et seq*.[2] We disagree.

MCL 438.31c(6) limits the interest rate in certain land contracts to 11%:

Notwithstanding subsection (5), lenders or vendors not qualified to make loans under subsection (5) may make, or may have made, mortgage loans and land contracts specified in subsection (2) on or after August 16, 1971, which mortgage loans and land contracts provide for a rate of interest not to exceed 11% per annum, which interest shall be inclusive of all amounts defined as the "finance charge" in section 106 of the truth in lending act, title I of Public Law 90-321, 15 USC 1605,

---

[2] Because both parties relied on materials outside the pleadings in support of their arguments on the usury claim in the trial court, it is appropriate to review defendant's motion regarding the usury claim under MCR 2.116(C)(10). See *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008) ("Where a motion for summary disposition is brought under both MCR 2.116(C)(8) and (C)(10), but the parties and the trial court relied on matters outside the pleadings, . . . MCR 2.116(C)(10) is the appropriate basis for review.").

and the regulations promulgated under that act, 12 CFR part 226. [MCL 438.31c(6).][3]

If a land contract violates this provision, the vendor "is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the [vendor]." MCL 438.32.[4]

We must enforce unambiguous contract language and give effect to all parts of a contract:

In interpreting a contract, our obligation is to determine the intent of the contracting parties. If the language of the contract is unambiguous, we construe and enforce the

---

[3] 15 USC 1605(a) defines "finance charge" as follows:

Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. The finance charge does not include charges of a type payable in a comparable cash transaction. The finance charge shall not include fees and amounts imposed by third party closing agents (including settlement agents, attorneys, and escrow and title companies) if the creditor does not require the imposition of the charges or the services provided and does not retain the charges. Examples of charges which are included in the finance charge include any of the following types of charges which are applicable:

(1) Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges.

(2) Service or carrying charge.

(3) Loan fee, finder's fee, or similar charge.

(4) Fee for an investigation or credit report.

(5) Premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss.

(6) Borrower-paid mortgage broker fees, including fees paid directly to the broker or the lender (for delivery to the broker) whether such fees are paid in cash or financed.

[4] Plaintiff's complaint alleges that "the entire transaction taken in its totality is . . . void pursuant to Michigan law" because the land contract is usurious. This is not the remedy if the land contract is deemed usurious.

contract as written. Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law. Once discerned, the intent of the parties will be enforced unless it is contrary to public policy. [*Barshaw v Allegheny Performance Plastics, LLC,* 334 Mich App 741, 748, 965 NW2d 729 (2020) (citations omitted)]

In this case, plaintiff acknowledges that the land contract states on its face that the annual interest rate is 7%. But plaintiff argues that a "blending approach" must be undertaken to account for the surplus funds that defendant received pursuant to the AONR. This Court adopted a blending approach in *Mills v Pesetsky*, 208 Mich App 190, 191-192; 527 NW2d 545 (1994), aff'd in part and vacated in part 453 Mich 975 (1996), where the land contract did not provide any terms for payment of the purchase price or the amount of interest to be paid, but incorporated by reference an addendum that specified the terms for payment and interest. This Court concluded that the land contract and the addendum were required to be read together and concluded that the total interest did not exceed the statutory maximum. *Id.* at 193.

Unlike the land contract in *Mills*, the land contract in this case does not include any language incorporating the AONR or the surplus funds. The land contract plainly states that no payment was made toward the purchase of the property. And the AONR clearly and unambiguously states that, as consideration for the option to purchase the property outside the six-month redemption period, plaintiff wished to "sell [her] interests in the real property along with [her] redemption rights and rights to Surplus (overbid of $43,000)" to defendant. The surplus funds were consideration for the option to buy back the property after the expiration of the redemption period.[5] The AONR was a separate transaction that was distinct from the land contract. A blending approach is not warranted by the facts of this case.

The language of the land contract is unambiguous. We will enforce the terms as written. *Barshaw,* 334 Mich App 748. Because it is clear from the face of the document that the land contract was not usurious, the trial court did not err by granting defendant's motion for summary disposition under MCR 2.116(C)(10) as to plaintiff's usury claim.

---

[5] "To have consideration there must be a bargained-for exchange"; "[t]here must be a benefit on one side, or a detriment suffered, or service done on the other." *Gen Motors Corp v Dep't of Treasury*, 466 Mich 231, 238–239, 644 NW2d 734 (2002) (quotation marks and citation omitted). Generally, courts do not inquire into the sufficiency of consideration: "[a] cent or a pepper corn, in legal estimation, would constitute a valuable consideration." *Id.* at 239 (quotation marks and citation omitted; alteration in original). Defendant was under no obligation to give plaintiff any time beyond the redemption period to reacquire the land. But, in exchange for her rights to the surplus funds, plaintiff bargained for the opportunity to try to secure a mortgage or, if the plaintiff chose, to enter into a land contract with defendant, beyond the redemption period.

IV. 15 USC 1639

Plaintiff further argues that there is a question of fact whether the land contract violates 15 USC 1639. We disagree.

Plaintiff's complaint simply alleged that the land contract violated 15 USC 1639 by requiring a balloon payment at the end of 12 months. Plaintiff did not allege that defendant was a regulated entity, that the land contract was subject to the statute, or cite any particular provisions of the statute. In response to defendant's motion for summary disposition, plaintiff maintained that the land contract violated 15 USC 1639(e), which provides, in pertinent part, "No high-cost mortgage may contain a scheduled payment that is more than twice as large as the average of earlier scheduled payments." But plaintiff failed to provide the trial court with any evidence that the land contract constituted a "high-cost mortgage" or that the land contract's balloon payment otherwise violated the statute. And she repeats this glaring omission on appeal.[6] Accordingly, we conclude that the trial court did not err in granting defendant's motion for summary disposition. See *Quinto v Cross & Peters Co*, 451 Mich 358, 363; 547 NW2d 314 (1996) ("If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted.").

V. MCPA

Plaintiff also argues that the trial court erred by dismissing her MCPA claim. We disagree.

The MCPA prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." MCL 445.903(1). Although the act lists dozens of unlawful practices, see MCL 445.903(1)(a)-(ll), plaintiff simply made a vague allegation in her complaint that defendant engaged in "unfair and deceptive treatment" in the subject transaction. And plaintiff has not cited any particular provisions in her brief on appeal.[7]

---

[6] Plaintiff claims for the first time on appeal that the land contract violates 15 USC 1639(f) because it resulted in negative amortization. Plaintiff fails to cite any facts in support of this argument, has not provided any analysis, and has neglected to provide any relevant legal authority for this argument. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate [her] arguments, and then search for authority either to sustain or reject [her] position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). Accordingly, we need not address this argument and decline to do so. Plaintiff also claimed for the first time on appeal that the land contact violated 15 USC 1639c because it was not fully amortized. Again, plaintiff fails to provide any facts, analysis or legal authority. And her complaint did not include these allegations. Accordingly, we decline to address this argument. *Id.*

[7] In response to defendant's motion for summary disposition, plaintiff relied on three provisions of the MCPA: (1) MCL 445.903(1)(o) (causing a probability of confusing or misunderstanding as to the terms and conditions of credit if credit is extended in a transaction), (2) MCL 445.903(1)(z)

Plaintiff provides this Court with a brief background of the MCPA and then simply makes a cursory statement that defendant violated the MCPA because it refused to produce a payoff statement before the expiration of the redemption period, which compelled her to enter into the land contract. Plaintiff fails to cite any facts in support of this argument, fails to provide any analysis, and has neglected to provide any relevant legal authority for this argument. Because plaintiff fails to brief the issue adequately, she has abandoned the issue on appeal. See *Wilson*, 457 Mich at 243.[8]

Plaintiff also argues that defendant's failure to credit the surplus funds towards the balance of the land contract violated the MCPA. Once again, plaintiff fails to provides any analysis and has neglected to provide any relevant legal authority for this argument. Because plaintiff fails to brief the issue adequately, she has abandoned the issue on appeal. See *Wilson*, 457 Mich at 243. Accordingly, we conclude that the trial court did not err by granting defendant's motion for summary disposition with regard to plaintiff's MCPA claim.

## VI. DECLARATORY RELIEF

Plaintiff next argues that the trial court should have issued a declaratory ruling regarding the true amount owed under the land contract. We disagree.

Plaintiff's complaint listed a separate count for declaratory relief to "determine the true amount owing between the parties." But plaintiff's prayer for relief did not request any declaratory relief. Regardless, declaratory relief is a remedy, not a discrete claim. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008). Because none of plaintiff's substantive claims survived defendant's motion for summary disposition, any request for declaratory relief is moot. *Id.* (holding that because all of the plaintiff's claims had been resolved, the court did not err by deeming the request for declaratory relief to be moot). Therefore, the trial court did not err by failing to provide any declaratory relief.[9]

---

(charging the consumer a price that is grossly in excess of the price in which similar property or services are sold), and (3) MCL 445.903(1)(aa) (causing coercion and duress as a result of the time and nature of sales presentation). But plaintiff does not mention any of these provisions in her brief on appeal.

[8] We note that plaintiff's response to defendant's motion for summary disposition included an e-mail chain between an attorney and a representative of defendant. Plaintiff has not addressed this email chain on appeal. But, pursuant to our de novo review, we noted that there is no indication in the email chain that the attorney was representing plaintiff. Defendant's representative explained that an authorization from the mortgagor, i.e., plaintiff, was needed before he could provide a payoff. The exchange makes it clear that this was a conditional refusal. Plaintiff has not supplied this Court with any authority to establish that requiring an authorization before supplying a person other than the mortgagor a payoff amount was abnormal or otherwise contrary to the MCPA.

[9] It appears that the real declaratory relief plaintiff was seeking was a ruling that the $43,000 paid in conjunction with the option was to be applied to the balance owed on the land contract. But as

## VII. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Finally, plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition without making any findings of fact or conclusions of law. We disagree.

It is well established that courts are specifically precluded from making any findings of fact when deciding a motion for summary disposition. *Durant v Stahlin*, 375 Mich 628, 638-640; 135 NW2d 392 (1965); *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018); *Jackhill Oil Co v Powell Prod, Inc*, 210 Mich App 114, 117; 532 NW2d 866 (1995). And MCR 2.517(A)(4) provides that "[f]indings of fact and conclusions of law are unnecessary in decisions on motions unless findings are required by a particular rule." Nothing in MCR 2.116 requires a court to make conclusions of law.

## VIII. CONCLUSION

We find that there are no genuine issues of material fact that: (1) the land contract is not usurious, (2) 15 USC § 1639 is not applicable, and (3) there were no violations of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*. Moreover, any request for declaratory relief is moot. Accordingly, we affirm the trial court's order granting defendant's motion for summary disposition.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel

---

explained earlier, the $43,000 is part of separate consideration for the option and not part of the land contract.