*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLSTATE INSURANCE COMPANY,

        Plaintiff-Appellee,

v

FREMONT INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 6, 2024

No. 365617
Wayne Circuit Court
LC No. 21-008294-NF

Before: BORRELLO, P.J., and SWARTZLE and YOUNG, JJ.

SWARTZLE, J. (*dissenting*).

I respectfully dissent. As an initial matter, although the majority accurately quotes the standard of review as found in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020), that standard of review is wrong insofar as it permits an appellate court to review a "trial court's factual findings" for "clear error" when, as here, the trial court's decision was made under MCR 2.116(C)(10). Under that court rule, a trial court *cannot make* a factual finding when reviewing the movant's arguments; rather, the trial court must view the evidence in the light most favorable to the nonmovant to determine whether "there is no genuine issue of any material fact." MCR 2.116(C)(10); *Jackhill Oil Co v Powell Prod, Inc*, 210 Mich App 114, 117; 532 NW2d 866 (1995). There is a "square peg in a round hole" situation when one speaks of "clear error" and "no genuine issue of material fact" in the same breath.

Moreover, I agree with the majority that the fifth *Farm Bureau II* factor is inapplicable here. Given that the equitable remedy of rescission is left to the trial court's sound discretion, *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409-410; 919 NW2d 20 (2018), and not this Court's discretion, I would merely vacate the trial court's decision and permit the trial court on remand to assess anew the evidence in light of the relevant factors.

For these reasons, I respectfully dissent.

/s/ Brock A. Swartzle

-1-